## Winchester v. Philadelphia

*Michael K. Simon*, for plaintiffs.
*Dennis Veneziale*, for defendants.

FORER, *J.*, April 11, 1978 — Plaintiff, a 51-year-old housewife was involved in an automobile accident on December 22, 1975, at 4:45 p.m. on Bustleton Avenue in the vicinity of Welsh Road in Philadelphia. The case was tried for three days

without a jury. Plaintiff has recovered her medical expenses from the carrier under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. She now brings this action against defendant, the driver of the other car, alleging medical expenses in excess of $750 under section 301(5)(B). The medical bills which total in excess of $4,200 were admitted for the limited purpose of determining whether or not they are compensable if defendant is found liable.

The facts surrounding the accident are not in dispute. Plaintiff was driving north on Bustleton Avenue. Defendant, who was driving south on Bustleton Avenue, skidded and crossed the medial strip, striking the car in front of plaintiff and then plaintiff's car. Defendant's car came to a stop parallel to plaintiff's car and facing north. There was contact between the left side of plaintiff's car and the right side of defendant's car. Traffic was heavy, bumper to bumper northbound and moving very slowly.

Defendant, by her own testimony, was going 20 mph down an incline. She felt the car slip. She doesn't know if she applied her brakes or honked. She doesn't know if her lights were on. She could not see the medial strip. Plaintiff was trapped in a lane of cars and was unable to take evasive action.

The court finds that defendant was negligent in driving 20 mph down an incline under the hazardous weather conditions then prevailing. Plaintiff was not guilty of contributory negligence.

The more difficult question relates to damages. Plaintiff testified that as a result of this accident she has had neck, hip and back pains and that she continues to this day to have back pain. She was treated by her family physician, Dr. Carl Kodroff, and a therapist, Mr. Mark J. Rosen. In January,

1976, plaintiff was hospitalized for eleven days at Rolling Hill Hospital where she was placed in traction. The back and neck problems improved after three months. At Rolling Hill, plaintiff was also treated by Dr. Seymour Schlomchik, an orthopedic specialist.

Plaintiff called Dr. Martin Beller, a board-certified orthopedic specialist. He testified that he examined plaintiff on October 4, 1976, April 1, 1977, and February 3, 1978. She has had no therapy since June, 1976. Dr. Beller diagnosed her condition as an acute low back sprain. He found her condition normal in every way except for "symptomatic" low back and tenderness in L 5 and S 1. His prognosis is guarded. Plaintiff weighs 170 lbs. and is 5'1". Dr. Beller recommended weight loss and wearing a brace. Plaintiff has not reduced. Because of her obesity she is unable to wear a heavier support which, Dr. Beller testified, might improve her condition. Plaintiff was examined for defendant by Dr. Richard Kaplan, a board-certified orthopedic surgeon. Neither doctor noted any spasm or other objective findings.

Plaintiff testified that prior to the accident she had no back problems. Dr. Beller based his opinion as to causation on the history which plaintiff related to him; namely, that prior to the accident she had no back problems.

In fact, Dr. Kodroff's records show that six months before the accident on June 25, 1975, plaintiff was seen by Dr. Kodroff for "lumbar spinal complaint" and given medication. On July 3, 1975, the records show "extreme lumbar spinal pain and continuing complaints."

Sgt. Winchester, husband plaintiff, testified that since the accident he shops for his wife on

weekends and does most of the driving. He also does most of the cooking. He is a retired detective who had been a professional chef and likes to cook. The most serious inconvenience he testified to is that his wife can't take long motor trips and that he went to Florida without her.

## DISCUSSION

Wife plaintiff has deliberately testified falsely on a most material issue, her condition prior to the accident. This court may disregard all of her testimony. However, it appears that she suffered some injury as a result of the accident, particularly the cervical and hip pains which improved within a period of three months. Her back pains may have been aggravated by this accident. The court cannot speculate as to this condition. The two experts who testified had been told by plaintiff that she had no back problems prior to the accident. Dr. Kodroff, who could have testified truthfully as to her prior condition, was not called by plaintiff.

Accordingly, the court finds that wife plaintiff is entitled to recover damages for pain and suffering for a period of three months. Husband plaintiff's damages are nominal.

With respect to the medical expenses, it is apparent that plaintiff has spent considerable time going to doctors and a therapist. She was seen by Mark J. Rosen 55 times between December 26, 1975, and June 16, 1976, for a total bill of $810. She was seen by Dr. Kodroff 47 times between December 23, 1975, and September 14, 1976. Her visits to Dr. Beller were after the three-month period. Obviously if plaintiff is entitled to recover medical expenses they will be substantially less than the sums which she has already collected under no-fault.

The Pennsylvania No-fault Law, supra, has been declared by the Pennsylvania Supreme Court to be constitutional: Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975), rehearing den. August 1, 1975. There are no appellate cases ruling on the interesting question of the right of plaintiff to recover medical expenses from the tortfeasor. The No-fault Act divides compensable losses into two categories: (1) economic detriment which is covered under no-fault; and (2) noneconomic losses which may be recovered from the tortfeasor under certain circumstances. The majority opinion in Singer v. Sheppard clearly accepts this dichotomy of liability. See fn. 10 464 Pa., at 396, 346 A. 2d, at 901.

Under section 301, it is clear that tort liability is *partially* abolished. Under section 301(a)(5) the tortfeasor remains liable for damages for *non*economic losses only. This statutory scheme relieves the tortfeasor from liability for economic losses.

Plaintiff relies on O'Sullivan v. Ruszecki, 2 D. & C. 3rd 276 (1977). In the cited case, the court ruled on defendant's preliminary objections which maintained that plaintiff must allege absolutely under section 301(a) of the No-fault Law that her medical expenses are in excess of $750. Plaintiff had alleged that she has "or may have" suffered medical expenses in excess of $750. The Court of Common Pleas of Allegheny County dismissed the preliminary objections, holding that plaintiff had adequately stated a cause of action under section 301(a). O'Sullivan does not reach the issue before this court. Plaintiff further relies on legislative history. A proposed section 505 of the no-fault bill prohibiting the introduction into evidence of medical bills for which benefits had been recovered was

deleted. See volume 1, part 2, Legislative Journal, Pa. House of Representatives, pp. 4753 and 4758, June 4, 1974. This history is persuasive but not conclusive. The act as passed clearly limits the right of recovery against a tortfeasor to noneconomic losses. We note that in Tigmon Perry v. SEPTA (unreported Notes of Testimony dated March 2, 1978), in the Court of Common Pleas of Philadelphia County, Hon. James R. Cavanaugh ruled that under no-fault evidence of economic losses was inadmissible in a jury trial against an alleged tortfeasor.

It is apparent that the exclusion of economic losses from tort liability constitutes a windfall to the tortfeasor and his carrier. Note that under section 111(a)(1)(B) the no-fault obligor cannot contract for reimbursement or subrogation for losses which it is required to pay. Under section 111(C) there is no right of indemnity against a third party tortfeasor.

To permit plaintiff to recover already reimbursed economic losses from the tortfeasor for which there can be no subrogation would give the plaintiff a double recovery. Such a windfall might well be contrary to public policy, for it would provide an unusual incentive to make claims. Under either construction of the act, there is an unavoidable windfall. This court, however, cannot judicially rewrite the legislation.

The court makes the following

## FINDINGS OF FACT

1. Plaintiffs are husband and wife, residents of Philadelphia.
2. Defendant is a resident of Philadelphia.
3. On December 22, 1975, plaintiff was driving

north on Bustleton Avenue in the City of Philadelphia and defendant was driving south when defendant's car skidded, crossed the medial strip and struck plaintiff's car.

4. Plaintiff suffered soft tissue injuries to her neck, hip and low back. She recovered from the neck and hip injuries within three months.

5. Plaintiff had previously suffered a low back ailment and continues to complain of low back pains.

6. Plaintiff has recovered more than $4,200 in medical expenses under the No-fault Law.

7. Husband plaintiff has had minimal loss of consortium.

The court makes the following

## CONCLUSIONS OF LAW

1. Defendant was negligent.

2. Plaintiff driver was not contributorily negligent.

3. Under no-fault, plaintiffs are entitled to recover from defendant noneconomic losses only.

4. The noneconomic losses of wife plaintiff proximately caused by this accident amount to $5,000.

5. The noneconomic losses of husband plaintiff proximately caused by this accident amount to $100.

6. The City of Philadelphia is not liable.

The court enters judgment in favor of Helen Winchester against Rita Tursi in the sum of $5,000, and in favor of Robert Winchester against Rita Tursi in the sum of $100 and judgment in favor of the City of Philadelphia.